IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CHEIKHANY SIDELEMINE,

    Petitioner,

        v.                            Civil Action No. 3:26-cv-281

JEFFREY CRAWFORD, *et al.*,

    Respondents.

## MEMORANDUM OPINION

Cheikhany Sidelemine ("Sidelemine" or "Petitioner"), a federal detainee proceeding *pro se*, filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "§ 2241 Petition"). (ECF No. 1.)  In the § 2241 Petition, Sidelemine challenges his continuing detention by Immigration and Customs Enforcement ("ICE"), arguing that he has been held for an unreasonably long period without being provided a bond hearing.  (*See* ECF No 1.)  For the reasons articulated below, the Court will deny the § 2241 Petition.[1]

## I. Factual and Procedural Background

In the § 2241 Petition, Sidelemine, who is a native of Mauritania (*see* ECF No. 1-1, at 1; ECF No. 4-1 ¶ 5), attests as follows:

> I am being unlawfully detained for an excessively long period without [a] decision on my pending appeal and without being provided a bond hearing.  It has been over a year since I filed my appeal and I remain in detention for [no] reason.  This continued detention violates my rights.

(ECF No. 1, at 6.)  Petitioner "request[s] that this Court grant [his] Petition for Writ of Habeas Corpus and order[] [his] immediate release from ICE custody." (ECF No. 1, at 8.)

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system and corrects the punctuation, capitalization, and spelling from the parties' submissions.

On April 14, 2026, the Court directed Respondents Jeffrey Crawford and Liana Castano ("Respondents") to file a notice indicating whether the factual and legal issues presented in the § 2241 Petition differed in any material fashion from those presented in *Duarte Escobar v. Perry*, 807 F. Supp. 3d 564 (E.D. Va. 2025). (ECF No. 3.) The Court further ordered that, if Respondents indicated that the factual and legal issues presented in the Petition did not differ in any material fashion from those presented in *Duarte Escobar*, "each of the substantive filings in [*Duarte Escobar* would] be incorporated into this habeas proceeding, and this Court [would] issue a ruling without further filings from the parties." (ECF No. 3, at 1–2.)

On April 21, 2026, Respondents filed an Opposition to the Petition, contending that "this matter is materially different from *Duarte Escobar*." (ECF No. 4, at 1.) In *Duarte Escobar*, Respondents explain, the petitioner "was being subjected to mandatory detention without the prospect of release on bond during the pendency of his administrative removal proceedings." (ECF No. 4, at 1.) Here, in contrast, "Petitioner previously sought and was provided a bond hearing under 8 U.S.C. § 1226" but was ultimately denied bond based on the finding that he was "a danger to the community." (ECF No. 1, at 1–2; *see* ECF No. 4-3, at 1.) This matter is also different, Respondents assert, in that Petitioner is subject to a "non-final order of removal" entered on February 5, 2025. (ECF No. 1, at 1 n.1; *see* ECF No. 4-1 ¶¶ 11–14.) As Petitioner and Respondents both explain, Sidelemine has appealed his order of removal to the Board of Immigration Appeals ("BIA"). (*See* ECF No. 1, at 2, 5, 6; ECF No. 4, at 1 n.1.)

Pursuant to the Court's April 14 Order, Petitioner had seven (7) days from the filing of Respondent's Opposition to file any response. (*See* ECF No. 3, at 2.) Petitioner's deadline has come and gone without his filing of a response. Accordingly, the Court deems it appropriate to consider the Petition on the record as it currently stands.

2

## II.  Standard of Review

28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." *Id.*  "A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States." *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations and brackets omitted).  After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require."  28 U.S.C. § 2243.

## III.  Analysis

Respondents argue in their Opposition that the Petition is moot because Sidelemine has already received a discretionary bond hearing under 8 U.S.C. § 1226.  (ECF No. 4, at 2.)  The Court agrees.  *See Osbeli L. v. Green*, No. 18-2579 (ES), 2018 WL 3574879, at *3 (D.N.J. July 25, 2018) ("[W]here a § 1226(a) detainee was provided with a bona fide bond hearing, this Court may not grant him a new bond hearing or order his release, and the petitioner seeking review of the bond decision must instead either appeal the bond denial to the Board of Immigration Appeals or seek his release through filing a request with immigration officials for a bond redetermination.") (citation omitted).  As the Honorable Leonie M. Brinkema found earlier this year in *Hossain v. Lyons*, No. 1:25-cv-1841 (LMB/LRV) (E.D. Va.):

> Unlike many other habeas matters filed recently before this Court in which petitioners argue that they are entitled to a bond hearing, the petitioner here has already received a bond hearing after being detained by ICE.  Following a hearing on September 25, 2025, the Immigration Judge denied petitioner's request for a change in custody status and provided two bases for his decision: first, that the Immigration Court lacked jurisdiction in accordance with the <u>Matter of M-S-</u>, 27 I. & N. Dec. 509 (A.G. 2019), and second—and in the alternative—that "the respondent is a flight risk and danger to the community."  [Dkt. No. 6-2] at 1.

3

Based on the Immigration Judge's independent grounds for denying bond, Hossain's Petition is moot because he has already received the only relief he can obtain from this Court: a bond hearing before an Immigration Judge, who must determine whether he poses a danger to the community, and whether he is a flight risk. He has received that relief, which means his only recourse was to file a timely appeal of the Immigration Judge's September 25, 2025, Order denying a bond. 8 C.F.R. § 1003.38. According to ICE's records, although the petitioner reserved his right to appeal, he failed to do so. [Dkt. No. 6-1] at 4. There is nothing further that this Court can do. *See* Mathews v. Diaz, 426 U.S. 67, 81 (1976). See also Santos Garcia v. Garland, 2022 WL 989019, at *7 (E.D. Va. Mar. 31, 2022).

For all the reasons stated above, it is hereby
ORDERED that Hossain's Petition, [Dkt. No. 1], be and is DENIED.

(ECF No. 21, at 4–5 (footnote omitted).) The Court will deny Sidelemine's § 2241 Petition

(ECF No. 1) for the reasons articulated by Judge Brinkema in *Hossain v. Lyons*, No. 1:25-

cv-1841 (LMB/LRV) (E.D. Va.).

## IV.  Conclusion

For the reasons articulated above, the Petition (ECF No. 1) will be DENIED as moot, and

this action will be dismissed.

An appropriate Order shall issue.

Date: 5|1|26
Richmond, Virginia

_____/s/_____
M. Hannah Lauck
Chief United States District Judge

4